UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-HC-2286-D

| | |
|---|---|
| DERRICK MARCELLUS MOORE, | ) |
| | ) |
| Petitioner, | ) |
| | ) MEMORANDUM IN SUPPORT OF |
| | ) RESPONDENT'S MOTION TO DISMISS |
| v. | ) |
| | ) |
| KENNY ATKINSON, WARDEN, | ) |
| | ) |
| Respondent. | ) |

Warden Kenny Atkinson of the Federal Medical Center in Butner, North Carolina ("Respondent"), by and through the United States Attorney for the Eastern District of North Carolina, hereby submits this Memorandum in Support of his Motion to Dismiss for failure to exhaust administrative remedies.

I. STATEMENT OF THE CASE

The Petitioner, federal inmate Derrick Marcellus Moore, Register Number 40984-083, through counsel, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the Federal Bureau of Prisons' ("BOP") computation of his federal sentence. See Petition, D.E. 1. Specifically, Moore claims that he is entitled to the time he spent at liberty following his erroneous release from state custody to be credited toward his federal sentence. Id.

Moore's petition should be dismissed for his failure to exhaust the BOP's administrative remedy procedures before filing his petition. Accordingly, a writ of habeas corpus should not issue in this case, and this petition should be dismissed.

## II. STATEMENT OF THE FACTS

1. On September 6, 1996, Moore was sentenced by the United States District Court for the Eastern District of Virginia to a 151-month term of imprisonment for possession with intent to distribute 5 grams or more of cocaine. See Declaration of Cornelia J. Coll ("Coll Decl.") ¶ 4, being filed herewith; Petition, D.E. 1 at 1.

2. After serving several state sentences and spending a period of time at liberty, Moore was taken into custody and BOP began running his federal sentence on September 24, 2013. Coll Decl. ¶ 5; Pet. Memo in Supp., D.E. 2 at 1.

3. Moore was initially designated to serve his federal sentence at the Federal Correctional Complex in Butner, North Carolina ("Butner"). Coll Decl. ¶ 6. He arrived in Butner on April 14, 2014. Id.

4. On June 30, 2015, Moore's federal sentencing court reduced his sentence to an 84-month term of imprisonment following the United States Sentencing Commission's retroactive reduction of the applicable sentencing guideline range pursuant

2

to 18 U.S.C. § 3582(c)(2). See Order Regarding Motion for Sentence Reduction, United States v. Moore, 1:96-CR-207 (E.D. Va.), D.E. 37; Pet. Memo in Supp., D.E. 2 at 4, fn. 3.

5. On November 17, 2015, Moore was re-designated to the Federal Correctional Institution in Morgantown, West Virginia ("FCI Morgantown") and was enrolled in that institution's Residential Drug Abuse Treatment Program ("RDAP") so that he may receive substance abuse treatment. See Coll Decl. ¶ 7

6. On December 18, 2015, Moore was transferred to FCI Morgantown, and he arrived there on December 29, 2015.[1] See Coll Decl. ¶ 8.

7. Moore is scheduled to be released from BOP custody on December 18, 2019, via good conduct time release. See Coll Decl. ¶ 9.

---

[1] As explained herein, because Moore never filed any administrative remedies, there is no indication that BOP knew that Moore would be challenging his sentence computation by way of a habeas petition before it decided to transfer Moore to participate in RDAP at FCI Morgantown. In any event, as Moore has now transferred to FCI Morgantown in West Virginia, the proper respondent in this case is B. von Blanckensee, Warden of FCI Morgantown. See Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) ("federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'"). However, the Fourth Circuit has previously held that in a § 2241 habeas action "[j]urisdiction is determined at the time an action is filed," meaning that "subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction." United States v. Edwards, 27 F.3d 564, 1994 WL 285462 (4th Cir. 1994)(per curiam)(unpublished).

**Administrative Remedies**

8. A review of the BOP's official administrative remedy records reveal that Moore has never filed any requests for administrative remedy regarding the issue raised in this petition, or any other issue. Coll Decl. ¶ 10.

## III. ARGUMENT

Courts have consistently required prisoners seeking habeas relief to exhaust administrative remedies prior to filing habeas petitions. The well-established doctrine of exhaustion of administrative remedies requires that in order for an individual to assert claims for judicial relief, he must first exhaust the prescribed administrative remedy made available to him. See Woodford v. Ngo, 548 U.S. 81, 88-89 (2006) (citing McKart v. United States, 395 U.S. 185, 193 (1969)). The exhaustion requirement provides an opportunity to resolve a dispute without the burdens of litigation. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3rd Cir. 1996). Failure to exhaust is an affirmative defense that a defendant must plead and prove. See e.g., Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 681 (4th Cir. 2005). Courts have treated exhaustion of administrative remedies in a section 2241 action as

jurisdictional.  See e.g., Timms v. Johns, 627 F.3d 525, 533 (4th Cir. 2010).

Proper exhaustion of administrative remedies demands compliance with an agency's deadlines and other critical procedural rules.  Woodford, 548 U.S. at 90.  Failure to exhaust administrative remedies is excusable only upon a showing of cause and prejudice.  Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001).  Where administrative remedies are no longer available due to a prisoner's failure to fully pursue the remedies, procedural default occurs and section 2241 habeas review is unavailable absent the prisoner's showing of cause and prejudice.  Id.; Moscato, 98 F.3d at 761-62.  An inmate must complete all stages of the administrative remedy process before the process is considered properly exhausted.  Woodford, 548 U.S. at 88-89; Wright v. Morris, 111 F.3d 414, 417 n.3 (6th Cir. 1997).

An administrative process has been implemented within the BOP.  Title 28 C.F.R. § 542.10, et seq., sets forth the BOP's Administrative Remedy Program, which provides formal review of any complaint that relates to any aspect of the inmate's confinement.  Under this process, inmates are encouraged to first attempt resolution of their complaints informally by discussing the matter with a member of the Unit Team.  See 28

C.F.R. § 542.13. If the attempt at informal resolution does not resolve the matter, the inmate may file a formal complaint with the Warden within twenty days of the date on which the basis of the complaint occurred. 28 C.F.R. §§ 542.13-14. If the inmate is not satisfied with the Warden's response to his formal complaint, he may appeal the response to the Regional Director. 28 C.F.R. § 542.15(a). If the inmate is dissatisfied with the regional response, he may file an appeal with the National Appeals Administrator at the Bureau of Prisons' Central Office, in Washington, D.C. Id. The Central Office appeal is the final level of administrative review in the Bureau of Prisons' administrative remedy process. Id.

Here, Moore admits that he failed to exhaust administrative remedies. See Petition, D.E. 1 at 6. BOP records corroborate Moore's admission by demonstrating that Moore has not filed any requests for administrative remedy with regard to the issues identified in his petition. See Coll Decl. ¶ 10. In essence, Moore claims that the BOP has failed to correctly compute his sentence by not giving him credit towards his sentence for the time he spent at liberty following his alleged erroneous release from state custody. However, he has never formally raised this issue with the BOP and, therefore, gave BOP no opportunity to administratively review his grievance regarding his sentence

6

computation before hauling the agency into federal court.  This
is the exact type of behavior for which courts have summarily
dismissed section 2241 habeas petitions.

   Moore does not allege that he was somehow precluded from
filing administrative remedy requests with the BOP, but argues
that "[e]xhaustion of administrative remedies is not required
because the Bureau of Prisons lacks authority to grant credit
for time at liberty without a court order."  See Petition, D.E.
1 at 6.  Moore's argument is simply incorrect.  It is well-
established that the authority to execute and compute federal
sentences rests within the discretion of the Attorney General,
through the Federal Bureau of Prisons.  See Wilson, 503 U.S. at
335 (holding after a district court sentences a federal
offender, the Attorney General, through the BOP, has the
responsibility for administering the sentence); see also Parks
v. Stansberry, No. 1:10-CV-1217, 2011 WL 3895298, at *3 (E.D.
Va. Sept. 1, 2011) ("The computation of federal sentences is
solely within the purview of the BOP")).  Thus, had Moore
afforded BOP the opportunity to consider the issue of getting
credit for time he spent at liberty by filing an administrative
remedy request, the BOP in its discretion could have provided
Moore with the relief he seeks without judicial intervention.
As noted above, federal regulations have afforded prisoners

administrative review of the computation of their credits, see 28 C.F.R. § 542.10, et seq., and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies, see United States v. Bayless, 940 F.2d 300, 304-305 (8th Cir. 1991) (emphasis added).

Moreover, the cases cited by Moore to support his substantive argument that he is entitled to credit for time he spent at liberty, have noted that the petitioners exhausted administrative remedies before filing their petitions for writ of habeas corpus. See Vega v. United States, 493 F.3d 310, 313 (3rd Cir. 2007) ("[a]fter exhausting his administrative remedies, Vega filed a petition for writ of habeas corpus ..."); Luther v. Vanyur, 14F.Supp.2d 773, 774 (E.D.N.C. 1997) (noting that the respondent conceded that the petitioner had properly exhausted his administrative remedies).

As stated in a recent case before this Court, the principle of exhaustion of administrative remedies in section 2241 cases is "so well established that the Fourth Circuit consistently summarily affirms dismissals of section 2241 petitions for failure to exhaust administrative remedies." See Memorandum & Recommendation, D.E. 14, Van Buren v. Atkinson, No. 5:14-HC-2251-D (E.D.N.C. Aug. 31, 2015), fn. 2; see e.g. Wallace v. Federal Bureau of Prisons, 604 F.App'x 329, 329 (4th Cir.

2015)(per curiam)(unpublished); Hairston v. Wilson, 532 F.App'x 359, 359 (4th Cir. 2013)(per curiam)(unpublished); Arce v. FCI-Williamsburg, 411 F.App'x 651, 651 (4th Cir. 2011). This case should be no different and should be similarly dismissed.

Therefore, because Moore failed to exhaust the BOP's administrative remedy program regarding the issue presented in this case, his petition should be dismissed.

## IV. CONCLUSION

Due to Moore's failure to exhaust available administrative remedies, his petition should be dismissed.

Respectfully submitted this 5th day of January, 2016.

THOMAS G. WALKER
United States Attorney

By:    /s/ Robert J. Dodson
ROBERT J. DODSON
Special Assistant U.S. Attorney
Civil Division
310 New Bern Avenue, Suite 800
Raleigh, NC  27601-1461
Telephone:  (919) 856-4530
            (919) 575-3900 x 6779
Facsimile:  (919) 856-4821
Email: robert.dodson2@usdoj.gov
N.C. Bar # 41210
Attorney for the Respondent

CERTIFICATE OF SERVICE

I do hereby certify that on this 5th day of January 2016, I have served a copy of the foregoing upon Petitioner's counsel of record by filing the same via the District Court's CM/ECF Document Filing System.

/s/ Robert J. Dodson
ROBERT J. DODSON
Special Assistant U.S. Attorney
Civil Division
310 New Bern Avenue, Suite 800
Raleigh, NC  27601-1461
Telephone:  (919) 856-4530
            (919) 575-3900 x 6779
Facsimile:  (919) 856-4821
Email: robert.dodson2@usdoj.gov
N.C. Bar # 41210
Attorney for the Respondent