UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-HC-2286-D

| | |
|---|---|
| DERRICK MARCELLUS MOORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | REPLY TO PETITIONER'S |
| v. ) | OPPOSITION TO RESPONDENT'S |
| ) | MOTION TO DISMISS |
| KENNY ATKINSON, WARDEN, ) | |
| ) | |
| Respondent. ) | |

Warden Kenny Atkinson[1] of the Federal Medical Center in Butner, North Carolina ("Respondent"), by and through the United States Attorney for the Eastern District of North Carolina, hereby submits this brief reply to Petitioner's opposition to Respondent's motion to dismiss for failure to exhaust administrative remedies.

In his opposition, Petitioner, through counsel, contends that BOP has foreclosed the requirement for Petitioner to file administrative remedies because the Agency has already spoken on the issue of credit for time at liberty following erroneous release through its Sentence Computation Manual, thereby making exhaustion futile. Petitioner mistakenly believes that the section of the Manual which discusses when a sentence begins equates to a hard-and-fast rule prohibiting such credit. Even

---

[1] Kenny Atkinson is no longer the Warden of FMC Butner. Current Warden J.C. Holland should be substituted as the Respondent in this case.

assuming that is BOP's policy, the administrative remedy process has the ability to fully address a situation in which BOP policy is potentially contrary to law, is being misapplied, or is silent on an issue.  Agency officials at various levels of the remedy program can intervene and examine relevant statutory or case law.  For example, the last step of the administrative remedy program is with the BOP's General Counsel in Washington, D.C.  See 28 C.F.R § 524.15(a).  The General Counsel of the BOP certainly has the ability to review relevant case law to determine whether the BOP policy being enforced is in fact contrary to statutory or case law and then to decide whether to grant or deny the administrative remedy appeal accordingly. Therefore, Petitioner's argument that the BOP's administrative remedy program does not allow for the consultation and application of relevant case-law to an existing policy directive, even if it trumps that policy, is not correct.

Therefore, Petitioner's futility argument fails because he has not alleged that he was somehow prevented from exhausting BOP's administrative remedy procedures.  Rather, his failure is due to his mistaken belief that BOP is foreclosed from granting the relief requested in his habeas petition.  Consequently, this Court should uphold the well-established doctrine of exhaustion of administrative remedies and dismiss the instant petition for

Petitioner's failure to give the BOP the opportunity to address this issue before proceeding to litigation.

Respectfully submitted this 28th day of January, 2016.

        JOHN STUART BRUCE
        Acting United States Attorney

        By:   /s/ Robert J. Dodson
        ROBERT J. DODSON
        Special Assistant U.S. Attorney
        Civil Division
        310 New Bern Avenue, Suite 800
        Raleigh, NC  27601-1461
        Telephone:  (919) 856-4530
                    (919) 575-3900 x 6779
        Facsimile:  (919) 856-4821
        Email: robert.dodson2@usdoj.gov
        N.C. Bar # 41210
        Attorney for the Respondent

CERTIFICATE OF SERVICE

    I do hereby certify that on this 28th day of January 2016, I have served a copy of the foregoing upon Petitioner's counsel of record by filing the same via the District Court's CM/ECF Document Filing System.

/s/ Robert J. Dodson
ROBERT J. DODSON
Special Assistant U.S. Attorney
Civil Division
310 New Bern Avenue, Suite 800
Raleigh, NC  27601-1461
Telephone:  (919) 856-4530
           (919) 575-3900 x 6779
Facsimile:  (919) 856-4821
Email: robert.dodson2@usdoj.gov
N.C. Bar # 41210
Attorney for the Respondent